UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RONNIE HARPER                                                                    PETITIONER

VERSUS                                         CIVIL ACTION NO. 1:14CV363-KS-RHW

STATE OF MISSISSIPPI et al                                                      RESPONDENTS

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

On September 17, 2014, Ronnie Harper filed a 28 U.S.C. § 2254 petition for writ of habeas corpus. Doc. [1]. Harper pleaded guilty to sexual battery, and the Circuit Court of Harrison County entered an order of judgment and conviction on November 15, 2011. Doc. [15-1] & [15-2]. Harper filed a motion for post-conviction collateral relief in state court that was denied both by the trial court and on appeal. Doc. [15-5], [15-6] & [15-7]. Harper then filed the instant § 2254 petition on September 7, 2014. Harper's initial pleading in this cause of action was styled as a motion for an extension of time to file his habeas petition. *See* Doc. [1]. Harper later filed an amended petition with a supporting memorandum outlining his claims. Doc. [9] & [10]. In the amended § 2254 petition, Harper alleges that (1) he received ineffective assistance of counsel because his attorney "mis-advised" him to plead guilty to a charge of sexual battery; (2) counsel failed to investigate; and (3) the trial court erred in not conducting an evidentiary hearing. *Id.*

Respondents filed a motion to dismiss arguing that Harper's petition is time barred by the AEDPA's one-year limitation period because he filed his petition approximately 21 days beyond the deadline. Doc. [15] at 5. Harper filed a response in which he does not dispute that his petition is untimely but argues in essence that he should be entitled to tolling because (1) he was

housed in close confinement at the time his petition was due; (2) he is unable to read; and (3) there was no legal assistance or adequate law library at the Marshall County Correctional Facility. Doc. [16]. On February 23, 2015, subsequent to the conclusion of briefing on Respondents' motion to dismiss, Harper filed what he styled as a "motion in bar". Doc. [18]. The Court construes the motion as a sur-reply. Although Harper requests that the Court strike as moot Respondents' motion to dismiss, Harper's "motion in bar" primarily raises arguments in support of tolling.

## **LAW AND ANALYSIS**

28 U.S.C. § 2244 provides, in relevant part, that:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Harper entered a guilty plea, and on November 15, 2011, the Circuit Court entered the judgment and sentence. Doc. [15-1] & [15-2]. By statute there is no direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. Accordingly, the conviction and sentence became final on the date he was sentenced. *See Roberts v. Cockrell*, 319 F.3d 690, 693-94 (5th Cir. 2003). Harper needed to file his § 2254 petition on or before November 15, 2012, in order to be timely under the AEDPA's one-year limitation period. Harper signed the instant petition on August 20, 2014. It was filed in the clerk's office on September 17, 2014. Absent any statutory or equitable tolling, Harper's petition is untimely.

A properly filed application for post-conviction relief in state court will toll the one-year limitations period. 28 U.S.C. § 2244(d)(2). Although Harper's § 2254 petition was filed almost two years beyond the AEDPA's one-year limitations period, he is entitled to tolling pursuant to § 2244(d)(2) because he filed a motion for post-conviction relief in state court on February 1, 2012. The motion was signed January 25, 2012. Doc. [15-5]. The trial court denied Harper's motion on June 29, 2012. Doc. [15-6]. He appealed the lower court's denial of post-conviction relief. On September 17, 2013, the Mississippi Court of Appeals affirmed the trial court's decision. Doc. [15-7]. The court of appeals mandate issued on October 8, 2013, thereby ending the tolling period. *See Watts v. Brewer*, 416 Fed. App'x 425 (5th Cir. 2011); *Pickett v. King*, 2014 WL 2446150 at *2 (S.D. Miss. 2014). Giving Harper every benefit of the doubt, from the time he signed the motion for post-conviction relief (January 25, 2012) until the issuing of the court of appeals' mandate (October 8, 2013), the limitations period was tolled by 622 days. In other words to be timely under the AEDPA, Harper needed to file a § 2254 petition on or before July 30, 2014 (November 15, 2012, plus 622 days). Harper did not file the instant petition until

September 17, 2014. Even if the Court were to consider the signature date of August 20, 2014, Harper's § 2254 petition is still untimely by approximately 21 days.

Harper does not dispute Respondents' time line or argue that the petition was filed within one year of his conviction and sentence becoming final. Rather he argues that his late filing should be excused on several grounds. He argues that (1) he was housed in close confinement so that he was unable to obtain the necessary material to research or prepare a timely petition; (2) he is not able to read or write; and (3) the facility where he was incarcerated did not provide any legal assistance or an adequate law library.

In order to invoke § 2244(d)(1)(B), the prisoner must show that he was prevented from filing a petition by state action in violation of the Constitution or federal law. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The Supreme Court also has recognized that, in appropriate cases, the limitations period may be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549, 2560-62 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 2562. Equitable tolling is available only in "rare and exceptional circumstances". *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). Petitioner bears the burden of proof concerning equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). The question then before the undersigned is whether Harper has demonstrated that he is entitled to any further statutory or equitable tolling of the AEDPA's one-year limitation period.

Based on Harper's supporting documentation, it appears that he was placed in close confinement beginning July 1, 2011–or approximately one month before the AEDPA limitation period expired. Doc. [16-2] & [16-3]. Respondents note that Harper was in close confinement

4

for only one month prior to the § 2254 petition deadline but that Harper had eleven months prior to that to timely file his petition. Doc. [17] at 1-2. Harper acknowledges Respondents' argument but makes no effort to dispute the contention that he was not transferred to close custody until July 1, 2011, or that he had the preceding eleven months to file a timely petition. *See* Doc. [18] at 1-2. Harper waited more than a year after the court of appeals issued its mandate before he filed his § 2254 petition. Other than the one month in close confinement, he does not explain the reason for waiting more than a year to file his petition; therefore, he fails to demonstrate that he pursued his rights diligently during the limitations period. Moreover, he fails to demonstrate that spending one month of the one-year limitations period in close custody constitutes an extraordinary circumstance that prevented him from filing a timely petition. *See Socha v. Boughton*, 763 F.3d 674, 685 (7th Cir. 2014)(placement in administrative segregation is not by itself enough to qualify as an extraordinary circumstance); *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009)(confinement in administrative segregation generally does not toll AEDPA limitations period).

Harper also asserts that he is not able to read and write but must rely on other prisoners to prepare his pleadings. He contends that he suffers from dyslexia. *See* Doc. [1] at 3. Assuming *arguendo* that Harper is functionally illiterate, he fails to demonstrate that he is entitled to equitable tolling based on illiteracy. As a general matter, the Fifth Circuit has held that ignorance of the law does not serve as a basis for equitable tolling. *Felder*, 204 F.3d at 172-73. Even if a petitioner's unfamiliarity with the law results from illiteracy, the Fifth Circuit has indicated that it does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). In other contexts federal courts have concluded that illiteracy and communication or language barriers do

5

not constitute cause for procedural default or equitable tolling. *See United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993); *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010); *see also Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)(holding that illiteracy and ignorance of the law cannot justify equitable tolling in case under Age Discrimination in Employment Act).

As demonstrated by the affidavit of Gia McLeod attached as an exhibit to Respondents' motion to dismiss, the Mississippi Department of Corrections provides an Inmate Legal Assistance Program (ILAP) designed to assist inmates in preparing court pleadings. Doc. [17-1]. The ILAP makes specific provisions for illiterate inmates. *Id.* at 3. Harper does not dispute that the ILAP was available to him. In fact he concedes that the facility where he is incarcerated has some form of inmate legal assistance. He states that there is a "legal clerk" and that "inmates at the facility are only seen in an office, one by one". Doc. [18] at 7. He does not allege that legal assistance was unavailable, only that he feels it was somehow sub par. Harper's conclusory allegations regarding the deficiencies of legal assistance at the Marshall County Correctional Facility do not rise to the level of rare and exceptional or extraordinary circumstances to justify equitable tolling, especially in light of the ILAP program available to inmates, such as Harper, who are incarcerated in an MDOC facility. *See Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011)(holding that to prevail petitioner must allege more than that the law library was inadequate).

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Respondents' [15] Motion to Dismiss be GRANTED and that Ronnie Harper's 28 U.S.C. § 2254 petition be dismissed as time

barred by the AEDPA's one-year limitation period. The undersigned further recommends that Harper's [18] Motion in Bar be DENIED.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 15th day of April, 2015.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE