IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RONNIE HARPER

VS.                                                              CIVIL ACTION NO. 1:14cv363-KS-RHW

STATE OF MISSISSIPPI, ET AL

ORDER ACCEPTING MAGISTRATE JUDGE'S
RECOMMENDATION AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Petition of Ronnie Harper filed pursuant to 28 U.S.C. § 2254 [1] and on his Amended Petition and Memorandum in Support of his claims [9, 10].  The Respondents have filed a Motion to Dismiss [15] alleging that Harper's petition is time barred by AEDPA's one year limitation period because he filed his petition approximately twenty-one (21) days beyond the deadline.  Petitioner has filed a document styled "motion in arrest of judgment" [21], which the Court construes as an objection to the Report and Recommendation. The Court has considered the above, along with the Report and Recommendation of Magistrate Judge Robert H. Walker and the record in this case, and does hereby find as follows:

I. PROCEDURAL HISTORY

On September 17, 2014, Petitioner Ronnie Harper  filed a 28 U.S.C. § 2254 petition for writ of habeas corpus [1].  Harper pleaded guilty to sexual battery, and the Circuit Court of Harrison County entered an order of judgment and conviction on November 15, 2011 [15-1 & 15-2].  Petitioner filed a motion for post-conviction collateral relief in state court that was denied both by the trial court and on appeal [15-5, 15]6 &

1

15-7].  Petitioner then filed the instant § 2254 petition on September 17, 2014.

Petitioner's initial pleading in this cause of action was styled as motion for an extension

of time to file his habeas petition [1].  Harper later filed an amended petition with a

supporting memorandum outlining his claims [9 & 10].  In the amended § 2254 petition,

Harper alleges that (1) he received ineffective assistance of counsel because his

attorney "mis-advised" him to plead guilty to a charge of sexual battery; 92) counsel

failed to investigate; and (3) the trial court erred in not conducting an evidentiary

hearing. *Id.*

Respondents filed a motion to dismiss arguing that Harper's petition is time

barred by the AEDPA's one-year limitation period because he filed his petition

approximately 21 days beyond the deadline [15] at 5.  Harper filed a response in which

he does not dispute that his petition is untimely but argues in essence that he should be

entitled to tolling because (1) he was housed in close confinement at the time his

petition was due; (2) he is unable to read; and (3) there was no legal assistance or

adequate law library at the Marshall County Correctional Facility [16].  On February 23,

2015, subsequent to the conclusion of briefing on Respondent's motion to dismiss,

Harper filed what he styled as a "motion in bar" [18].  The Court construes the motion as

a sur-reply.  Although Harper requests that the Court strike as moot Respondents'

motion to dismiss, Harper's "motion in bar" primarily raises arguments in support of

tolling.

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a

*de novo* determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).  No factual objection is raised when a petitioner merely reurges arguments contained in the original petition.  *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III.  PETITIONER'S OBJECTIONS AND ANALYSIS

In his motion in arrest of judgment (objection) [21], the Petitioner objects to the finding in the Report and Recommendation and claims that he is entitled to equitable tolling.  He claims that he has been pursuing his rights diligently and that extraordinary circumstances have prevented him from filing his habeas petition. He also states that he has been diligently seeking relief and that he had difficulties in obtaining proper legal assistance.  Petitioner sets forth his extraordinary circumstances in his pleading, but the circumstances that he has set forth do not rise to the level of extraordinary circumstances that would justify equitable tolling. Petitioner claims that he was in segregation for the last thirty (30) days of the limitation period, but he does not explain why he did not file a petition during the first eleven (11) months.  Applicable case law, as shown in the Report and Recommendation, holds that administrative segregation does not justify equitable tolling.

Also, he claims that there was inadequate legal assistance but, here again, that does not justify equitable tolling.  The Court is aware that the original conviction occurred on November

15, 2011 and the petition that is before the Court was not filed until September 7, 2014.  While

the Petitioner did file a state habeas and appealed the denial thereof to the Supreme Court, there

has been extended periods of time that dispute his claims of entitlement to equitable tolling.  The

Petitioner does not dispute that the one year statute of limitations under the AEDPA had run

prior to his filing his petition.  He has not established just cause for equitable tolling and the

Court finds that the petition is barred by the applicable one year statute of limitations and that it

should be dismissed.

## IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of

the entire record and a *de novo* review of the matters raised by the objections.  For the reasons

set forth above, this Court concludes that Harper's objections lack merit and should be overruled.

The Court further concludes that the Report and Recommendation is an accurate statement of the

facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves

and adopts the Magistrate Judges's factual findings and legal conclusions contained in the

Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Robert

H. Walker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that

Ronnie Harper's claim is **dismissed with prejudice**. Any other pending motions are denied as

moot.

SO ORDERED this, the 14th day of May, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE